**Seada Yousuf SEAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–74245.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006 [*].

Filed Dec. 28, 2006.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven R. Landaal, Esq., Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office Of The District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and CALLAHAN, Circuit Judges, and COLLINS,** District Judge.

## ORDER

The panel has considered the petition for rehearing. The memorandum disposition filed on October 30, 2006, is hereby withdrawn and a new memorandum disposition is filed concurrently with this order. The petition for rehearing is otherwise denied. No further petition for rehearing will be considered.

## MEMORANDUM ***

Seada Yousuf Sead, a native and citizen of Ethiopia, sought asylum, withholding of

---

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

removal, and relief under the Convention Against Torture ("CAT") based on her fear of persecution in Ethiopia because she is of Eritrean descent. The Board of Immigration Appeals ("BIA") found that she had not made the requisite showing of persecution and denied her relief. We in turn deny Sead's petition for review because the record does not compel a different conclusion.

### A.

Sead left Ethiopia in 1992 and went to Saudi Arabia. She entered the United States in June 1998 on an Ethiopian passport as a non-immigrant visitor with permission to remain in the country until the end of December 1998. Sead did not leave the country, and on January 2, 2001, a Notice to Appear issued charging her with removability. At the hearing held before an Immigration Judge ("IJ") in March 2002, Sead conceded that she was subject to removal and sought asylum, withholding of removal, relief under the CAT, and voluntary departure.

The IJ denied Sead relief finding that although she was credible, she had failed to prove that she was entitled to asylum. The IJ noted that Sead had not suffered any persecution or mistreatment prior to her 1992 departure from Ethiopia. He further noted, relying on the United States Department of State Country Reports on Human Rights Practices for Ethiopia for 2001, that the treatment of Ethiopians of Eritrean descent in Ethiopia had improved following the June 2000 cease fire between Ethiopia and Eritrea. Sead appealed to the BIA which affirmed the denial of relief in an opinion that incorporated part of the IJ's decision.[1] Sead then filed a timely petition for review with this court.

### B.

We review the BIA's decision for substantial evidence and reverse "only where the evidence is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed." *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Sead's fear must be objectively reasonable. *See Reyes–Guerrero v. INS,* 192 F.3d 1241, 1244 (9th Cir.1999). Sead does not allege she has been subjected to any past persecution, but she may establish a well-founded fear by showing she is a member of a group subject to a "pattern and practice" of persecution, *see Knezevic v. Ashcroft,* 367 F.3d 1206, 1213 (9th Cir.2004), or by showing membership in a "disfavored group" and a "comparatively low" burden of individualized risk. *See Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). Sead also argues that the BIA erred in failing to consider her alleged inability to return to Ethiopia, as well as reports from a relative in Saudi Arabia that her mother and brother had been deported or had fled Ethiopia to Sudan, as the basis for a well-founded fear of persecution.

■ Although there is evidence that from May 1998, when the war between Eritrea and Ethiopia began, until the cease fire in June 2000, Ethiopia persecuted Ethiopians of Eritrean descent, the 2001 Country Report indicates that persecution is no longer the government's policy, and that conditions are improving. Sead's hearing took place in 2003, and she testified that she did not fear returning to Ethiopia until she learned of her brother's detention in May 2000, which was shortly before the cease fire. Thus, the evidence before the IJ did not compel a finding that Sead had a well-founded fear of future

---

1. The BIA vacated the grant of voluntary departure. Sead's petition for review in this court does not challenge the denial of voluntary departure.

persecution based on a pattern and practice of past persecution against those of Eritrean descent in Ethiopia.

■ Nor can Sead meet even her "comparatively low" burden to show individualized risk under *Sael*, even assuming that Eritreans are a "disfavored group" in Ethiopia, an issue we do not address here. The evidence in the record relating specifically to Sead consists of her contact with the Ethiopian embassy in 1999 to renew her passport and the reports from a relative in Saudi Arabia that her mother and brother had been deported or had fled Ethiopia and were in Sudan.[2] Sead's contact with the Ethiopian embassy was made during the war between Ethiopia and Eritrea. Sead testified only that the person she spoke to on the telephone told her that she had to provide an Ethiopian identification card or information about her family, and that she said she could not do that. There is no evidence that she made any subsequent contact with the embassy. Sead's single telephone call to the Ethiopia embassy in 1999 does not compel a finding that she will be denied reentry. (We express no opinion as to whether denial of reentry would constitute a basis for a well-founded fear of persecution.)

The reports concerning her mother and brother also fail to establish individualized risk that would compel us to hold Sead's fear of future persecution to be objectively reasonable. Although Sead has credibly testified that an acquaintance told her that her mother had been deported and her brother had been arrested and then left the country, this court has in the past rejected claims of well-founded fear based on harm to relatives inflicted for unknown reasons. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding that the abduction of two of the petition-er's brothers geographically distant from the petitioner himself "by unknown gunmen for unknown reasons does not establish a well-founded fear").

Our review of the record does not compel a finding that Sead has made the requisite showing of an objectively reasonable well-founded fear of future persecution. Accordingly, we cannot disturb the BIA's denial of asylum.

### C.

■ As Sead has failed to meet her burden to demonstrate that she is eligible for asylum, she necessarily fails to satisfy the more stringent standard for the withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004); *see also Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("should [the applicant] fail to qualify for the discretionary relief of asylum, she would necessarily fail to qualify for the mandatory relief of withholding of deportation").

### D.

■ Finally, Sead did not raise her claim under the CAT before the BIA and therefore has waived her right to have this court consider the claim. *See Taniguchi v. Schultz*, 303 F.3d 950, 959 (9th Cir.2002).

For the foregoing reasons, the petition for review is **DENIED.**

---

cause Sead referred to the memorandum in her appeal to the BIA.